UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 17-217 |
| v. | * | SECTION:   "H" |
| DAVID TRAN | * | |
| | * * * | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned Assistant United States Attorney, and submits its opposition to defendant David Tran's Motion for Withdrawal of Guilty Plea (the "Motion"). Rec. Doc. 173. For the reasons that follow, the United States respectfully requests that this Honorable Court deny the Motion.

**BACKGROUND**

This case arose from a lengthy wiretap investigation conducted in the summer of 2017. Rec. Doc. 128 at 2. David Tran came to the attention of law enforcement after he was intercepted talking to Nathaniel Louis, who was co-conspirator indicted in a different heroin conspiracy case in this District. *Id*. The calls and texts showed that Tran was supplying Louis with heroin. *Id*. For example, the factual basis Tran signed details a series of calls between Tran, Louis, and Tran's co-defendant, who was also named David Tran (referred to as Tran '86 in the factual basis) in which Tran supplied Louis with four ounces (approximately 112 grams) of heroin. *Id*. at 2-4.

Those calls were intercepted on Louis' phone, but agents soon began intercepting Tran's phone. *Id*. at 4. The incriminating messages between Tran and Louis continued, with, for example, Tran telling Louis that they were "gonna eat" when Tran got back from Houston. *Id*. at 5. In addition to the heroin dealing, agents also learned that Tran acquired a warehouse in Bridge City

where he built a huge indoor marijuana grow operation. *Id*. Agents ultimately searched the warehouse pursuant to a federal warrant and found over 500 marijuana plants, tens if not hundreds of thousands of dollars in grow equipment, and multiple rooms built out for growing. *Id*. at 5-8.

In addition, agents found large quantities of fentanyl, methamphetamine, and ecstasy pills at the warehouse, which was adjacent to the property where Tran was staying. *Id*. at 8. The pills were in a box on which someone had written, "return to sender," which was significant because agents had intercepted a call with Tran talking about writing those very words on a shipment of pills. The drugs totaled 1,396.2 grams of methamphetamine and 1,175.9 grams of fentanyl split among four different bags. *Id*. Those weight are well above the 10 to life thresholds in Section 841(b)(1)(A). Tran admitted he possessed these drugs and that they were for distribution. *Id*.

Tran was originally arrested as agents conducted the search of the warehouse in early November 2017. After numerous delays and numerous changes of counsel, he was finally set to face trial in February 2020. On February 10, 2020, after a jury had been seated and sworn and just before opening arguments were to begin, Tran changed his mind about trial and pleaded guilty as charged to each count of a four-count superseding indictment (conspiracy in Count 1 and possession with intent to distribute in Counts 2, 3, and 4). *See* Rec. Doc. 30 (superseding indictment); Rec. Doc. 127 (minute entry); Rec. Doc. 128 (factual basis); Rec. Doc. 173-2 (transcript of rearraignment). There was no plea agreement.

Following his plea, sentencing was set for June 2020. Rec. Doc. 129. The PSR was prepared on schedule, as all the information necessary to calculate the guidelines was derived from lab reports for drugs seized from the warehouse and admitted by Tran as part of the factual basis. Nonetheless, Tran sought to continue his sentencing twice through prior counsel. *See* Rec. Docs. 135 and 138. He then sought to fire that attorney, who was already his third attorney. The motion

2

was denied. Sentencing was continued several more times. Tran filed more motions and sent more letters, ultimately getting rid of prior counsel. More continuances of sentencing followed. Now, almost four years after his initial arrest, a year a half after he pleaded guilty as trial was commencing, and a week before sentencing, Tran seeks to withdraw his plea. Rec. Doc. 173.

## LAW AND ARGUMENT

"A defendant does not have an absolute right to withdraw [his] guilty plea." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citing *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998)). However, "a district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason.'" *Brewster*, 137 F.3d at 857 (citing former FED. R. CRIM. PRO. 32(e), which is now located at Rule 11(d)(2)). "A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." *Powell*, 354 F.3d at 370; *see also United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998) ("[A] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence."). The defendant "bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell*, 354 F.3d at 370 (citing *Brewster*, 137 F.3d at 858). "Allowing [a defendant] to withdraw his plea without a fair and just reason would defeat the purpose of the plea hearing and diminish the significance of entering pleas." *United States v. Grant*, 117 F.3d 788, 791 (5th Cir. 1997). In evaluating whether a defendant has met this burden, a district court in the Fifth Circuit should consider seven factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.

*United States v. Daniel*, 866 F.2d 749, 751 (5th Cir. 1989) (citations omitted); *Powell*, 354 F.3d at 370 (citing *United States v. Carr*, 740 F.2d 343-44 (5th Cir. 1984)).  The decision to permit or deny withdrawal of a guilty plea "is based on the totality of the circumstances," and the district court "is not required to make findings as to each of the *Carr* factors." *Powell*, 354 F.3d at 370.

A.  **The *Carr* Factors Favor Denial of the Motion.**

All the factors to be considered under *Carr* militate in favor of denying Tran's motion to withdraw his guilty plea.

   I.     **Actual Innocence**

In his pleading, Tran specifically disclaims any assertion of innocence and instead maintains that the (extremely strong) evidence against him was improperly obtained and that he was improperly denied an opportunity to challenge the searches and seizures in his case. Rec. Doc. 173-1 at 4.  He does so because he cannot reasonably contest his guilt.  The government intercepted Tran's phone for almost two months, during which time he discussed his heroin distribution activities, as well as his massive marijuana grow.  He and his co-defendant, as well as Nathaniel Louis in a separate case, all pleaded guilty to the conspiracy conduct.  The DEA executed a search warrant at the warehouse where Tran discussed growing the marijuana and found a massive grow operation, with over 500 plants, multiple rooms, and tens of thousands of dollars in equipment.  The DEA also found large amounts of pills that tested positive for methamphetamine, as well as several bags of fentanyl that totaled almost 1,200 grams.  Tran admitted all of this as part of a detailed 9-page factual basis.  Tran, after being sworn, affirmed in open court that he had read the factual basis, understood it, and that it correctly stated what he had done.

In short, in seeking to withdraw his guilty plea, Tran does not disavow his prior sworn admissions and assert that he is actually innocent of any of the charges to which he previously pled guilty. That alone should be a sufficient basis for denial of his motion.

## II.     Prejudice to the Government

According to Tran, there is limited prejudice to the government because all of its trial witnesses are police officers who can be easily located. Rec. Doc. 173-1 at 4. That is false. The government's case included cooperating witnesses, who have now almost finished serving their sentences and may be less inclined to cooperate. Further, the cooperating witnesses have been sentenced and are now held in facilities outside of New Orleans, making their preparation more difficult. Even with respect to the law enforcement witnesses, withdrawing the plea would mean significant additional work in preparing them to testify at trial, particularly since a significant portion of the evidence against Tran consists of lengthy calls, some of which are in foreign languages. Re-familiarizing the agents with that evidence would present a significant burden. Finally, because Tran pleaded guilty on the eve of trial, government counsel, the case agents, and the other witnesses had already spent a lot of time preparing. Numerous witnesses had traveled to New Orleans only to be told at the last minute that their testimony would not be necessary because of the plea. The government was ready to go to trial once and would be prejudiced by having to get ready again because Tran has changed his mind about wanting to plead.

## III.    Delay in Seeking to Withdraw

Tran pleaded guilty in February 2020, and filed his motion to withdraw in July 2021, meaning that he waited about a year and a half to file the motion. Even giving him the benefit of the doubt by attributing some of the delay to his change in counsel, Tran waited far longer than defendants in other cases where the Fifth Circuit has denied motions to withdraw. In *Carr*, for

example, the defendant moved to withdraw his guilty plea only 22 days after his re-arraignment. 740 F.2d at 343. The district court denied the motion, and the Fifth Circuit affirmed, finding among other things "that the motion [to withdraw guilty plea] was not promptly filed." *Id*. at 345. Tran's delay also eclipses that in both *Lampazianie*, 251 F.3d at 522 (ten days), and *Adam*, 296 F.3d at 329 (two weeks), which are discussed below. To grant withdrawal given the time line here would go directly against *Carr's* admonishment that withdrawal should not be used "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Carr*, 740 F.2d at 345. Nor is Tran's explanation for delay sufficient, given that he would have known about the alleged (but notably unspecified) grounds for suppression years ago.

## IV. Inconvenience to the Court

Allowing Tran to withdraw his plea at this juncture likewise would inconvenience the Court and waste judicial resources. In the Eastern District of Louisiana, the Court's civil and criminal dockets are extremely busy and crowded. Accommodating Tran's request would only increase that burden and the likelihood that matters involving other litigants' cases might be delayed. Additionally, the Court has expended a substantial amount of resources on this matter, which all parties and the Court believed was being resolved through entry of a guilty plea. As the Court well knows, the plea was literally as opening statements were about to begin. Both the government and the Court had done the work involved in trying a criminal case, including jury instructions, motions in limine, and rulings on 404b motions, and the jurors had been selected and sworn. Undersigned counsel also imagines that the Court has already spent a significant amount of time reviewing the Pre-Sentence Investigation Report and otherwise preparing for the sentencing in this matter, which has been continued multiple times. To allow Tran to withdraw

his guilty plea would render all of this time and effort for naught.

## V. Assistance of Counsel

Tran has had the assistance of several experienced lawyers throughout this proceeding and his claim of ineffective assistance of counsel prior to his guilty plea is refuted by the record. Counsel explored potential suppression issues, as demonstrated by the government's filing of a Motion in *Limine* To Preclude Defense from Arguing Suppression Issue During Trial and Offering Irreverent, Confusing Evidence. Rec. Doc. 124. That pleading details how Tran raised alleged issues with various facets of the government's investigation in pretrial meetings and how counsel obtained records from the Clerk's Office showing Tran was wrong about the government "pinging" his phone without a warrant. *Id.* It also discusses how Tran argued that naming the wrong service provider in an order could be a basis for suppression.

The point is that Tran and his prior counsel were in fact investigating suppression issues before the trial and plea. In the plea colloquy, Tran confirmed under oath that he was satisfied with his attorney's services. Rec. Doc. 173-2 at 17. Tran said that he had no comments about his attorney's assertion that he had investigated the facts and law and any possible defenses. Id. at 17-18. Notably, he did not say, "I believe I have a valid motion to suppress that he refuses to pursue and that he has instead assured me that I will still be able to pursue after pleading guilty."[1]

## VI. Knowing and Voluntary Plea

During the plea colloquy, the Court thoroughly and extensively questioned Tran as to the charges, his willingness to plead guilty, whether he had been threatened or coerced in any way to plead guilty, and the factual basis supporting the guilty plea. *See* Rec. Doc. 173-2. This Court

---

[1] Because Tran's plea was taken literally as trial was beginning, his observation that any motion to suppress would be untimely following the guilty plea, Rec. Doc. 173-1 at 2, is beside the point. A suppression motion also would have been untimely/waived had Tran not pleaded guilty and been convicted at trial. *See* FED. R. CRIM. PRO. 12(b)(3).

7

offered Tran opportunities during its plea colloquy to ask questions of the Court, his counsel, or the Assistant United States Attorney. Tran's under-oath attestations that he was knowingly and voluntarily pleading guilty are deemed "solemn" by the Fifth Circuit and "carry a strong presumption of verity." *Adam*, 296 F.3d at 333. The plea was knowing and voluntary.

### VII. Wasting of Judicial Resources

The arguments as to why granting withdrawal would lead to a waste of judicial resources are set forth in the "Inconvenience to the Court" section of this pleading and incorporated here.

### B. Numerous Fifth Circuit Cases Support Denial of the Motion.

In addition to each of the seven *Carr* factors favoring denial of Tran's motion to withdraw, several other Fifth Circuit cases have affirmed denials of motions to withdraw in similar circumstances. In *United States v. Brewster*, 137 F.3d 853 (5th Cir. 1998), for example, the defendant had expressed dissatisfaction with his counsel during the plea colloquy, but ultimately entered a guilty plea. *Id*. at 856. Like Tran, following his guilty plea, the defendant in *Brewster* discharged his counsel, retained a new attorney, and moved to withdraw his guilty plea prior to sentencing, claiming government coercion, ineffective assistance of counsel, and innocence. *Id*. at 858. The district court denied the motion, and the Fifth Circuit affirmed, finding that the district court properly viewed the defendant's claims of ineffective assistance of counsel and government coercion as not credible and that the defendant's "belated claim of innocence is far from sufficient to overturn the denial of the withdrawal motion." *Id*.; *Carr*, 740 F.2d at 345 ("The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.").

*United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001), is also instructive. There, the defendant entered a guilty plea to one count of conspiracy to defraud insurance companies. *Id*. at 521. Only ten days after entering his plea, the defendant informed the district court of his intent to withdraw his guilty plea, and a formal motion to withdraw the plea was filed prior to sentencing. *Id*. at 522. The defendant claimed that he entered his original guilty plea as a result of coercion, asserted factual innocence, claimed he had received ineffective assistance of counsel, and argued his withdrawal would not prejudice the government. *Id*. at 524-25. In rejecting each of these arguments, the Fifth Circuit noted that the defendant's declarations in open court carried more weight than his subsequent protestations of coercion, that the district court was free to discount the defendant's "belated assertions of innocence," and that the record revealed defense counsel provided adequate representation leading to the defendant's guilty plea. *Id*.[2]

In *United States v. Adam*, 296 F.3d 327 (5th Cir. 2002), the defendant pled guilty to failure to pay over taxes to the I.R.S. Only two weeks later, the defendant filed a notice of intent to withdraw his guilty plea, and he filed a formal motion to withdraw the plea a month later. *Id*. at 329. In support of his motion, defendant averred that his former counsel had "discouraged him from presenting [exculpatory evidence] as a defense and had pressured him into pleading guilty." *Id*. at 330. The defendant further claimed that "he had succumbed to this pressure because he was

---

[2] Numerous decisions reflect that the Fifth Circuit places greater weight on the admissions and statements made by a defendant during his plea colloquy in open court than on subsequent assertions of innocence, coercion, confusion, or ineffective assistance of counsel. *See*, *e.g.*, *United States v. Henderson*, 72 F.3d 463, 465-66 (5th Cir. 1995) (finding district court did not abuse discretion in denying defendant's motion to withdraw guilty plea and noting that the district court questioned the defendant "thoroughly" during the re-arraignment colloquy); *United States v. Thomas*, 13 F.3d 151, 152-53 (5th Cir. 1994) (finding defendant's protestations of innocence "pretextual" given his admissions in open court during the Rule 11 plea colloquy); *United States v. Young*, 981 F.2d 180, 183-84 (5th Cir. 1992) (finding district court properly denied defendant's motion to withdraw guilty plea despite claims that plea was not voluntary because defendant was misled by prosecutor as to sentence he would receive); *United States v. Badger*, 925 F.2d 101, 103-04 (5th Cir. 1991) (defendant failed to carry burden of establishing a "fair and just" reason in support of his motion to withdraw guilty plea); *United States v. Rojas*, 898 F.2d 40, 41-42 (5th Cir. 1990) (holding district court properly denied defendant's motion to withdraw guilty plea where defendant's claims of innocence and coercion by defense counsel were unsupported by the record).

in a weakened mental state." *Id*. The defendant also noted, referencing the seven factor analysis set forth above, that withdrawal of his guilty plea "would not have been a waste of judicial resources and would not inconvenience the district court," that "he gave notice of his intent to withdrawal his guilty plea two weeks after he entered his plea," that "he asserted his innocence," and that "the Government would not be inconvenienced" by the granting of his motion. *Id*. at 332-33. Despite these facts, the district court denied the motion. In reviewing the determination, the Fifth Circuit stressed the importance of the representations made by the defendant during his guilty plea colloquy with the district court. Holding "[s]olemn declarations in open court carry a strong presumption of verity," the Fifth Circuit found the district court had not abused its discretion in denying the motion to withdraw guilty plea. *Id*. at 333.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Honorable Court deny defendant David Tran's Motion for Withdrawal of Guilty Plea. Rec. Doc. 173.

    Respectfully submitted,

    DUANE A. EVANS
    UNITED STATES ATTORNEY

    */s/ David Haller*
    DAVID HALLER
    Assistant United States Attorney
    650 Poydras Street, Suite 1600
    New Orleans, Louisiana   70130
    Telephone: (504) 680-3117

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 27, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

                */s/ David Haller*
                DAVID HALLER
                Assistant United States Attorney