UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-217 |
| v. | * | SECTION: "H" |
| DAVID TRAN (78) | * | |

\* \* \*

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
MOTION PURSUANT TO 28 U.S.C. § 2255 (DOC. 272)**

**NOW INTO COURT** comes the United States of America, appearing through the undersigned Assistant United States Attorney, who respectfully opposes Defendant David Tran's *pro se* 28 U.S.C. § 2255 motion.

## BACKGROUND

In February 2020, Defendant David Tran pleaded guilty, without a plea agreement, to drug offenses. Doc. 127 at 2. Defendant was represented at the plea by Robert Jenkins, who was appointed after Defendant fired attorney Stephen Shapiro for failing to "mount an attack of falsely obtained warrants." Doc. 104-1 at 2; Doc. 127; Doc. 109. Attorney Baldemar Val Zuniga also provided legal advice to Defendant in connection with the guilty plea. Doc. 256 at 12-13.

In July 2021, Defendant moved to withdraw his guilty plea, alleging that his attorneys induced the plea by falsely advising him that "he could challenge the wiretap and search and seizure warrants after he was sentenced." Doc. 173-1 at 5. This Court denied the motion, Doc. 182, and sentenced Defendant to 140 months' imprisonment. Doc. 192. Defendant appealed the denial of his withdrawal motion. Doc. 214-1. The Fifth Circuit vacated the motion denial and held that Defendant was entitled to an evidentiary hearing on the motion. *Id*.

In June 2023, this Court held the evidentiary hearing at which Defendant, Jenkins, and Zuniga testified. *See* Doc. 234. Defendant "testified that his trial counsel told him that he could raise the wiretap suppression issue after he pleaded guilty." Doc. 234 at 4. This Court did "not find Defendant to be at all credible." *Id*. "Jenkins testified that he never told Defendant that he could bring a suppression motion after he pleaded guilty." *Id*. "Zuniga testified unequivocally that he did not tell Defendant that he could pursue a suppression motion after he pleaded guilty." *Id*. This Court found Jenkins and Zuniga "to be most credible." *Id*.

In its Order and Reasons, this Court pointed out that Defendant's testimony acknowledged that, prior to the guilty plea, Defendant and Jenkins met with government counsel to discuss Defendant's concerns about a Title III interception order and a search warrant. *Id*. at 5. During the meeting, government counsel retrieved the warrant from the clerk's office to prove its authenticity. *Id*. Government counsel also explained at the meeting that the Title III papers incorrectly identified the cell phone provider, but that this error was inconsequential. *Id*. Indeed, after the meeting and prior to the guilty plea, the government explained to this Court that the specific phone carrier "was not a material element in obtaining the wire and electronic intercept authorization, as demonstrated by the fact that the authorization specifically provided that it applied 'regardless of service provider.'" Doc. 124 at 2 (quoting Title III order).

This Court also observed that Defendant's allegation made no sense: "It defies logic that Defendant's trial counsel would have reviewed the suppression issues, found that they had no merit, and declined to raise the issues prior to trial, but then still advised Defendant that he could raise the issues after pleading guilty." Doc. 234 at 5. This Court denied the motion, finding "that Defendant has not shown that his trial counsel told him that he could bring a motion to suppress after he pleaded guilty." *Id*.

Defendant appealed the denial of his motion to withdraw the guilty plea. *See* Doc. 267-1. The Fifth Circuit affirmed. Doc. 267. In October 2024, the Supreme Court denied Defendant's petition for a writ of certiorari. Doc. 268.

In July 2025, Defendant filed the instant motion, which alleges four grounds. Doc. 272. Ground One is that this Court should have suppressed evidence.[1] On this point, Defendant argues that suppression was warranted because perjurious and fraudulent documents were used to seek the search warrant and Title III order, which are themselves fakes. Doc. 272-1 at 1-2. Specifically, regarding the Title III order, Defendant alleges that it:

- is uncertified;
- is not part of the official court docket;
- misspells "UNITED STATES" as "UNTED STATES";
- bears a purported signature that is inconsistent with the judge's actual signature; and
- contains one ink and one writing style for the signature and a different ink and a different writing style for the date/time notation.

*Id*. As for the warrant, Defendant alleges that: the clerk of court initially did not produce the warrant papers to him; and various copies of the warrant application have apparent differences (specifically the location of a "SEALED" stamp and what is visible at the bottom of the page). Doc. *Id*. at 5. Defendant also asserts that the telephone service providers referenced in the court papers (Verizon and Sprint) each informed him that it did not provide service for the telephone number that was the subject of the warrant and Title III. *Id*. at 4. From all this, Defendant concludes

---

[1] *See* Doc. 272 at 2 ("All evidence derived from this wiretap should have been suppressed under the exclusionary rule …"); Doc. 272-1 at 3 ("The above facts and evidence of perjury make the warrant for 'Sprint' cellular service invalid, making any and all evidence seized from the phone or related to the phone, connections, and communications inadmissible, therefore, should have been suppressed as it violated Mr. Tran's constitutional 4th Amendment right (illegal search and seizure).").

that the Title III order and the warrant are phonies, that the affidavits seeking them were perjurious, and that, therefore, evidence obtained from them should have been suppressed.[2]

Defendant's second, third, and fourth grounds each allege ineffective assistance of counsel, with one ground aimed at each of three attorneys—Shapiro, Jenkins, and Zuniga. Doc. 727-2 at 5-11. For each IAC ground, Defendant argues that the attorney was ineffective by failing to move to suppress evidence for the reasons described in Ground One. Defendant also complains that his attorneys insufficiently communicated and insufficiently prepared, and that they falsely advised him that he could litigate suppression issues post-conviction. Doc. 271-2 at 6, 8, 9, 10.

## LAW AND ANALYSIS

As explained below, each of Defendant's asserted bases for relief fails. Defendant's suppression claim is procedurally barred and substantively meritless. Because the suppression argument is substantively meritless, Defendant's main ineffective assistance argument (that counsel should have moved to suppress) also fails—counsel could not have been ineffective for forgoing a meritless argument. Defendant's contention that counsel was ineffective for inducing him to plead guilty has already been rejected, should not be revisited, and is meritless. Defendant's argument that counsel was ineffective for failing to properly communicate and prepare also fails; Defendant's vague contentions insufficiently allege counsel's shortcomings and resulting prejudice. Accordingly, the motion should be denied.[3]

---

[2] The record shows that Defendant mailed explanations of his allegations directly to the judges who issued the Title III order and warrant. Doc. 172; Doc. 269.

[3] The motion should be denied without a hearing because "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief." 28 U.S.C. § 2255; *see United States v. Edwards*, 442 F.3d 258, 268 n.10 (5th Cir. 2006) (affirming denial of hearing because, "[d]ue to the speculative and conclusory nature of the ... allegations … a hearing would serve as nothing more than a fishing expedition."); *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of his allegations.") (quotation marks, alteration, and citation omitted)).

*Fourth Amendment Claim*

Defendant's Fourth Amendment suppression claim alleged in Ground One (as distinct from his IAC claim that counsel should have pursued a Fourth Amendment suppression motion) is procedurally barred. An unconditional guilty plea waives claims that a court should have suppressed evidence. *United States v. Coil*, 442 F.3d 912, 914–15 (5th Cir. 2006). Moreover, when a defendant had a full and fair opportunity to litigate a suppression claim in pre-trial proceedings and on direct appeal (as Defendant did here), the claim may not be raised in a § 2255 motion. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003); *Stone v. Powell*, 428 U.S. 465 (1976). Even if the Fourth Amendment claim was not barred, it is meritless for the reasons explained below.

*Ineffective Assistance Regarding Suppression*

Defendant's main argument in Grounds Two, Three, and Four is that counsel was ineffective for failing to move to suppress on the basis that the warrant and Title III were fabricated and procured by perjury. To establish that "[a] trial attorney's failure to file a motion to suppress constituted ineffective assistance of counsel," a defendant who pleaded guilty is "required to show that (1) a suppression motion would have been meritorious, (2) her counsel's failure to file one was objectively unreasonable …, and (3) but for her counsel's deficient performance in that regard, she would not have pleaded guilty …" *United States v. Ratliff*, 719 F.3d 422, 423 (5th Cir. 2013).[4] Here, Defendant fails to show that a suppression motion would have been meritorious.[5]

---

[4] More generally, for an IAC claim to succeed, a movant must show "that his counsel's performance ... fell below an objective standard of reasonableness" and that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). "Judicial scrutiny of counsel's performance must be highly deferential, and courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct." *Fisher v. Whitley*, 9 F.3d 103 (5th Cir. 1993).

[5] Because a suppression motion would have lacked merit, Defendant also fails the second *Ratliff* requirement of showing that counsel's failure to file the motion was objectively unreasonable. *See United States v. Slape*, 44 F.4th 356, 359 (5th Cir. 2022) ("counsel cannot be deemed ineffective for failing to advance arguments that have no merit to begin with."). Similarly, the third requirement (showing that but for counsel's deficient performance, the defendant

Speculative challenges to the authenticity of warrants and related documents will not result in suppression.[6] Moreover, observations of apparent document irregularities are insufficient to show that the documents are fakes.[7]

Here, Defendant's allegations of fabricated court papers are, at best,[8] speculative. There are common sense responses to, and innocent explanations for, the Defendant's contentions:

- the Title III order's supposed lack of certification and apparent absence from the official court docket is likely because the document was sealed, not because it is fake;

- "UNITED STATES" spelled as "UNTED STATES" is an immaterial typographical error;

- there are no notable ink/style differences between the Title III order's date/time notations and the judge's signature;

- even assuming for the sake of argument that there are ink/style differences, there is nothing suspect about a person's signature having an apparently different style than his

---

would not have pleaded guilty) fails—Defendant would have been in the same situation after losing the suppression motion. *See* Doc. 173-1 at 4 (motion to withdraw stating that Defendant "plans to pursue his motion to suppress and then may very well plead guilty should the motion fail.").

[6] *See, e.g.*, *White v. United States*, No. 23-1451, 2023 WL 7550935, at *2–3 (6th Cir. Oct. 17, 2023) ("White adduced no evidence that the agents did not have a valid warrant… His assertions regarding the handwritten date on the warrant are speculative at best and, therefore, insufficient to show that he was prejudiced by appellate counsel's failure to raise this issue on direct appeal."); *United States v. Losing*, 539 F.2d 1174, 1179 (8th Cir. 1976) "Defendants have shown no more than a general suspicion about [Title III authorization papers'] authenticity; without more, they are not entitled to a hearing.").

[7] *See, e.g.*, *Boyd v. United States*, No. 20-1912, 2021 WL 3669359, at *3 (6th Cir. Jan. 4, 2021) (unpublished) (denying certificate of appealability of a district court's denial of a 2255 motion in which the defendant asserted that "search warrant and supporting affidavit were not authentic because they lacked a state seal, a notarial certification, a legible magistrate signature, a bar number for the signing magistrate, a time-of-issue stamp, and a case number," and in which defendant "conclude[d] that 'a search warrant never existed in this case' because the state-court manager stated that the state-court record does not include the search warrant and the state-court docket reveals that the search warrant was not filed in his case."); *United States v. Dixon*, No. 21-6001, 2022 WL 2715702, at *2 (6th Cir. July 13, 2022) (unpublished) (affirming denial of evidentiary hearing where defendant argued that "the search warrant was fabricated after the search because no search warrant was filed in the state court…. [and defendant] provided a certification from the … Clerk that … state-court file did not contain a search warrant…." and where "the Government provided, in its response to the motion to suppress, copies of the search-warrant affidavit and the search warrant… indicating that the two documents were filed...").

[8] *See* Doc. 234 at 4 n.10 (this Court characterizing Defendant's allegations as "baseless and inflammatory."); Doc. 234 at 4 (this Court stating that Defendant's testimony "defies logic.").

- writing, nor is it unheard of for a person to use different pens when placing signatures and notations on numerous documents;

- there is nothing remarkable about several copies of a warrant application that has been photocopied/scanned multiple times and/or produced in paper form by the court multiple times (such as when government counsel retrieved a copy directly from the court) to have small differences in where court staff placed a "SEALED" stamp and in what parts of the document were captured by the copy/scan;

- the clerk of court did not initially produce the warrant papers to Defendant because they were sealed;[9]

- it is expected that Verizon had no records (the government explained before the guilty plea that references to Verizon were errors) and Verizon explained to Defendant that "[t]he service is likely provided by SPRINT …" Doc. 272-7;

- it is unsurprising that Sprint informed Defendant that it was "unable to locate any accounts *based on the information included*," "unable to locate any accounts *matching your information*," and "unable to locate any accounts based on the information *included in your name*," Doc. 272-10 at 2-7 (emphasis added), considering that the phone account was not subscribed in Defendant's name. *See* Doc. 272-9 at 2.

Moreover, it is fair to infer that if these claims were true, the judges whose papers were fabricated would have taken some action after learning of the information Defendant provided. *See* Doc. 172; Doc. 269.

---

[9] *See* Doc. 272-15 at 4, 6 (clerk informing Defendant in April and May 2020 it searched "*public* records" and that "the information you are seeking *is not available*") (emphasis added); Doc. 233-1 at 76 (showing warrant papers were unsealed in June 2020); Doc. 272-16 at 4 (showing that in August 2020, the clerk acknowledged existence of warrant records). As this Court has already found, Defendant's accusation that the government manufactured the warrant are "baseless." Doc. 234 at 4 n.10.

Similarly, Defendant's accusation of perjury in the Title III and warrant applications provides no basis for suppression. "[A] misstatement can vitiate an affidavit only if it is established that the misstatement was the product of deliberate falsehood or of reckless disregard for the truth; allegations of negligence or innocent mistake are insufficient." *United States v. Runyan,* 290 F.3d 223, 234 n.6 (5th Cir. 2002) (internal citations, quotation marks, and alterations omitted). "The defendant bears the burden of showing by a preponderance of the evidence that a misstatement … was more than mere negligence." *Id.*; *United States v. Bourrage*, 138 F.4th 327, 342 (5th Cir. 2025) (holding that to obtain a hearing, a defendant must "make a substantial preliminary showing that the affiant's statements were deliberately false or made with reckless disregard for the truth" (internal citation, quotation marks, and alterations omitted)). The only inaccuracy Defendant has shown—naming the wrong phone provider in the Title III papers—was an innocent and inconsequential mistake. The fact that the Title III order authorized interception regardless of the provider proves the government had no motive to mislead the judge on this issue and also proves the inaccuracy's immateriality. *See Runyan,* 290 F.3d at 234 n.6 ("An unsupported assertion that an affidavit contains a misstatement … does not give rise to the inference that the affiant acted with reckless disregard for the accuracy of the information presented to the magistrate, particularly where the misstated … facts in question are of only minor significance to the finding of probable cause.").

*Other Alleged Ineffective Assistance*

To the extent Defendant alleges that his attorneys falsely advised him that suppression could be litigated post-conviction, that claim has already been considered and rejected. At the evidentiary hearing, Defendant "testified that his trial counsel told him that he could raise the wiretap suppression issue after he pleaded guilty." Doc. 234 at 4. This Court did "not find Defendant to be at all credible" and found that "his testimony defies logic." *Id*. In contrast, this Court found the attorneys' denials of providing the bad advice to be "most credible." *Id*. at 5. Accordingly, this Court found "that Defendant has not shown that his trial counsel told him that he could bring a motion to suppress after he pleaded guilty" and, on that basis, denied the motion to withdraw the guilty plea. *Id*. The Fifth Circuit affirmed this Court's denial of the withdrawal motion. Doc. 267. That settled the issue because "[u]nder the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002); s*ee Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) ("the issues need not have been explicitly decided; the doctrine also applies to those issues decided by necessary implication.") (citation and quotation marks omitted). Even if that claim could be reviewed again now, it should be denied for the same reasons provided in this Court's Order and Reasons on the motion to withdraw the guilty plea. Doc. 234.

Finally, to the extent Defendant alleges a lack of communication and preparation by his attorneys as an IAC claim that is independent of the suppression-related issues, that allegation is insufficient to warrant relief. A § 2255 IAC allegation "must identify specific acts or omissions; general statements and conclusionary charges will not suffice." *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984) ("The particular professional failure must be pled and proven.").

Furthermore, "to satisfy the prejudice part of the [IAC] test, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Garcia*, 996 F.2d 305 (5th Cir. 1993) (citation and quotation marks omitted). Here, Defendant's general complaints of lack of communication and preparation fail both IAC prongs. *See, e.g.*, *United States v. Hunter*, 314 F. App'x 734, 735 (5th Cir. 2009) (unpublished) ("regardless of whether or not … counsel provided acceptable service, [defendant] has failed to show that but for his counsel's alleged unprofessional errors, there is a reasonable probability the result of the proceeding would have been different. The record of the hearing shows that [defendant] … chose to plead guilty."); *Araujo v. United States*, No. 3:16-CR-00478-M-2, 2022 WL 3088383, at *3 (N.D. Tex. June 1, 2022), *report and recommendation adopted*, No. 3:16-CR-00478-M-2, 2022 WL 3081826 (N.D. Tex. Aug. 3, 2022), *certificate of appealability denied*, *United States v. Araujo*, No. 22-10927, 2023 WL 3272414, at *1 (5th Cir. Jan. 26, 2023) ("[Defendant] fails to demonstrate, much less allege, prejudice from [counsel's] alleged failure to communicate. This alone is fatal to his ineffective assistance of counsel claim. Additionally, there is no record evidence demonstrating that if [counsel] had communicated more, [defendant] would have proceeded to trial on all four counts in the superseding indictment." (internal citation omitted)).

## CONCLUSION

For the foregoing reasons, this Court should deny the motion.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Phone: (504) 680-3085
E-mail: Chandra.Menon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the August 27, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to ECF-registered counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to Pro Se defendant, David Tran, Prisoner Reg. No. 71717-279, Seagoville, FCI, P.O. Box 9000, Seagoville, TX 75159, by placement in the United States Mail, postage prepaid and properly addressed.

*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney