UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-217 |
| DAVID TRAN (78) | SECTION "H" |

### ORDER AND REASONS

Before the Court is Defendant David Tran (78)'s Motion under 28 U.S.C. § 2255 to Vacate Sentence (Doc. 272). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

In 2017, Defendant David Tran was charged by Superseding Indictment with four counts arising out of a drug distribution conspiracy. He pleaded guilty to all counts in the Superseding Indictment without the benefit of a plea agreement on February 10, 2020, following the selection of a jury at the trial of this matter. The Court sentenced Defendant to 140 months on September 29, 2021.

In November 2017, Defendant was initially appointed Gary Schwabe to represent him in this matter. In September 2018, Defendant filed a *pro se*

1

motion requesting that Mr. Schwabe be withdrawn and he be appointed new counsel. His motion stated that Mr. Schwabe had failed to communicate with him, provide him with copies of case materials, or allow him to assist in his defense.[1] At the hearing on that motion, Defendant indicated that he had retained Steve Shaprio to take over his representation. After six continuances, trial was set for November 18, 2019. Then, just one month before trial, Defendant again filed a *pro se* motion for new counsel. He claimed that Mr. Shapiro was working in favor of the Government, and he would not receive a fair and impartial trial with him as counsel.[2] The Court allowed Mr. Shapiro to withdraw, and Robert Jenkins was appointed on November 1, 2019. Defendant was represented at the trial and during his plea hearing by Mr. Jenkins, and a retained attorney, Baldemar Val Zuniga.[3]

After Defendant's guilty plea, Defendant again filed a *pro se* Motion to Withdraw Counsel, asserting that Mr. Jenkins refused to communicate with him and that he had committed errors that Defendant sought to collaterally attack. After that motion was denied by the magistrate judge, Defendant again filed a *pro se* Motion to Withdraw Mr. Jenkins as counsel in November 2020.[4] Before that Motion could be heard, Mr. Jenkins filed his own Motion to Withdraw as Counsel, indicating that Defendant had stated that he no longer wanted Mr. Jenkins to represent him and that the pair had "irreconcilable

---

[1] Doc. 40.
[2] Doc. 99.
[3] Mr. Val Zuniga was never enrolled as counsel in the case but was retained by Defendant's family to consult on appellate issues.
[4] Doc. 149.

2

differences."[5] The Court allowed Mr. Jenkins to withdraw, and Annalisa Miron was appointed as counsel.[6]

On July 21, 2021, Defendant moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), stating that his trial counsel had informed him that his plea did not foreclose the possibility of challenging certain wiretap evidence against him. At that time, Defendant set forth several grievances with the wiretap application and warrant, including that the Government was illegally tracking his phone prior to obtaining a wiretap, that the ping warrant was manufactured, that the wiretap application and the ping warrant were invalid because they stated different phone service providers, and that the wiretap application was invalid because it was not signed by the attorney general.

The Court denied Defendant's Motion to Withdraw his Guilty Plea, holding that the factors set out in *United States v. Carr* weighed against allowing Defendant to withdraw his plea.[7] Specifically, the Court noted that Defendant did not assert his innocence, that the motion was not promptly filed, and that the record indicated that his attorneys had explored the suppression issue prior to his decision to plead guilty.

Defendant appealed the denial of his Motion to Withdraw Guilty plea. The Fifth Circuit held that this Court erred in failing to hold an evidentiary hearing on Defendant's Motion where he had pleaded facts that, if proven,

---

[5] Doc. 154.
[6] Ms. Miron represented Defendant through sentencing. On October 6, 2021, Defendant sent a letter to the Court asserting his objection to being represented by Ms. Miron at his sentencing because "it was unlawful for the Federal Public Defend[ers] Office to represent the defendant twice in the same case in that it creates a conflict of interest not being in compliance with the law." Doc. 199.
[7] Doc. 182.

3

would justify relief.[8] The matter was vacated and remanded so that this Court could hold an evidentiary hearing.[9]

The Court held an evidentiary hearing on Defendant's Motion to Withdraw Guilty Plea on June 28, 2023. After the hearing, the Court found that Defendant was unable to prove the facts pleaded in his Motion to Withdraw Guilty Plea, namely that his trial counsel told him that he could raise issues regarding the suppression of evidence after he pleaded guilty.[10] It found Mr. Jenkins and Mr. Val Zuniga to be most credible when they testified that they had discussed the suppression issues with Defendant, believed that they lacked merit, and did not tell Defendant that those issues could be raised after his guilty plea.[11] In addition, Defendant admitted at the hearing that he had several discussions regarding the merits of the suppression issues with his attorneys, the Government, and investigators in the case.[12] Specifically, he admitted that prior to entering his plea, he and his trial counsel had a meeting with Assistant United States Attorney David Haller in which they discussed the suppression issues at length, and Mr. Haller retrieved the ping warrant from the Clerk's Office to prove that it was obtained prior to the application for the wiretap, and therefore, Defendant's concern that he was being illegally

---

[8] Doc. 214.

[9] On remand from the Fifth Circuit, the Court appointed Joseph Raspanti to represent Defendant. The Court set an evidentiary hearing on Defendant's Motion to Withdraw Guilty plea for May 18, 2023. Prior to the hearing, both Mr. Raspanti and Defendant filed motions to withdraw and have new counsel appointed. Docs. 221, 224. Defendant contended that Mr. Raspanti refused to communicate with him or review the evidence against him. After a hearing on the motions, the magistrate judge allowed Mr. Raspanti to withdraw, and Anna Friedberg was appointed to represented Defendant at the evidentiary hearing.

[10] Doc. 234.
[11] Docs. 234, 256.
[12] Docs. 234, 256.

tracked was unfounded.[13] Defendant admitted that Mr. Haller also explained that the discrepancy in cell phone service providers between the wiretap application and ping warrant did not invalidate the warrants.[14] Defendant also agreed that his attorneys had advised him that his concerns regarding the wiretap application and ping warrant did not have merit.[15]

On July 25, 2025, Defendant filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Petitioner again points out discrepancies in the wiretap order and other documents in the record that he believes evidence misconduct, perjury, and falsification. He argues that the wiretap evidence should have been suppressed on these grounds. He also alleges ineffective assistance of counsel on the parts of Mr. Shapiro, Mr. Jenkins, and Mr. Val Zuniga for failing to investigate these issues. The Government opposes.

## **LEGAL STANDARD**

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was

---

[13] Docs. 234, 256.
[14] Docs. 234, 256.
[15] Docs. 234, 256. At the hearing, Mr. Haller also presented a transcript from an October 29, 2019 hearing before the magistrate judge in which Defendant's prior attorney, Steve Shapiro, stated that "the motion with my professional opinion would be frivolous. It will be -- I will not file it, period. I would have an ethical problem filing it. I have a good reputation in this building and I don't want to jeopardize that reputation by filing frivolous pleadings. It's a waste of the Court's time and it's a waste of Mr. Haller's time as the AUSA." Doc. 179.

in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[16] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[17] The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[18]

A district court may deny a 28 U.S.C. § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[19] "In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone."[20]

## LAW AND ANALYSIS

On August 17, 2017, the Government submitted a wiretap application to Judge Jay Zainey for a number associated with Defendant. Judge Zainey signed an order authorizing the wiretap on that same day. In support of his arguments, Defendant cites the following discrepancies in the wiretap:

1. The wiretap order is not part of the official court docket.

---

[16] 28 U.S.C. § 2255(a).
[17] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).
[18] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).
[19] *See* 28 U.S.C. § 2255.
[20] United States v. Arguellas, 78 F. App'x 984, 986–87 (5th Cir. 2003).

2. The wiretap order misspells Judge Zainey's title under his signature as "UNTED STATES DISTRICT JUDGE", instead of UNITED STATES DISTRICT JUDGE.
3. Judge Zainey's signature on the wiretap order is allegedly inconsistent with his signature on other orders.
4. The ink and writing style of the date and time on the wiretap order allegedly differ from the signature ink. Similarly, the ink used to fill in the date and time is thicker than the ink used for Judge Zainey's signature.
5. The wiretap order is not certified by the Clerk's office.
6. The wiretap application contains a false statement regarding Defendant's phone provider. Specifically, Defendant presents a letter from Verizon dated June 1, 2022, in which Verizon states that it does not provide service to the number at issue. He points out, however, that the wiretap order was directed at Verizon. He argues that Verizon could not have complied with the wiretap order if it did not provide service to Defendant's number, and therefore the government must have used an unauthorized method to tap his phone.

Relatedly, Defendant argues that there is a false statement in a DEA Report of Investigation dated August 23, 2017, where it states that on July 14, 2017, Sprint responded to an administrative subpoena regarding the number associated with Defendant and indicated that the number was associated with a P.O. Box in Kansas. Defendant submits a letter from Sprint dated September 21, 2022, in which it states, in response to a request from Defendant, that it was unable to locate any accounts matching Defendant's information and

7

"found no active accounts" in its records with that number in use. Defendant contends that the 2022 letter from Sprint establishes that there was false information in the 2017 DEA Report of Investigation.

Defendant also takes issue with a July 26, 2017 search warrant for the same telephone number, noting that he has received four different copies of the document and each differs in its headers and footers, including missing tabs in the footer or missing case numbers or sealed stamps in the header. This same search warrant was unsealed after his initial request for its production and the removal of the sealed stamp indicates that the document has been altered and is therefore not a true copy, he argues.

Defendant suggests that these "physical inconsistencies in the warrants themselves and direct contradictions from telecommunication companies regarding sworn statements made by a government agent" are evidence that the Government obtained the wiretap order and search warrant by using fraudulent documents and perjured affidavits. He argues that the Court should have suppressed evidence obtained by the wiretap because the wiretap application and order were fraudulent. In addition, he argues that each of his three attorneys was ineffective in failing to further investigate the issues with the wiretap and file a motion to suppress. The Government opposes, arguing that Defendant's arguments are procedurally barred, speculative, and vague.

**A. Suppression of Evidence**

The Government correctly points out that Defendant waived Fourth Amendment challenges to the evidence against him by pleading guilty. "An unconditional guilty plea waives all non-jurisdictional defects in the trial court

8

proceeding."[21] "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[22] "A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment."[23] Accordingly, Defendant's guilty plea precludes any argument regarding the constitutionality of the wiretap evidence.

### B. Ineffective Assistance of Counsel

A guilty plea also waives all claims of ineffective assistance of counsel, "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."[24] To prove that his attorneys' failure to file a motion to suppress constituted ineffective assistance of counsel and rendered involuntary his guilty plea, Defendant must show that "(1) a suppression motion would have been meritorious, (2) h[is] counsel's failure to file one was objectively unreasonable (the 'performance' prong), and (3) but for h[is] counsel's deficient performance in that regard, []he would not have pleaded guilty (the 'prejudice' prong)."[25] Defendant cannot succeed on either of the first two prongs.

First, the discrepancies identified by Defendant in the wiretap order and other parts of the record do not evidence misconduct. Defendant's speculative conspiracy theories about the authenticity of the documents at issue are insufficient to show that the documents are fraudulent, that the Government

---

[21] United States v. Coil, 442 F.3d 912, 914 (5th Cir. 2006).
[22] United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991).
[23] United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002).
[24] Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).
[25] United States v. Ratliff, 719 F.3d 422, 423 (5th Cir. 2013).

engaged in misconduct, or that his Fourth Amendment rights were violated. The fact that the wiretap order contains typos and irregular ink thickness or writing styles does not prove anything about the authenticity of the document or Judge Zainey's signature. Further, most of Defendant's arguments stem from his misunderstanding and ignorance of the court's docketing system and procedures. The wiretap documents are not visible in the public record because they are sealed pursuant to 18 U.S.C. § 2518(8)(b), and the "sealed" stamp on a document is regularly removed when the document is unsealed. Defendant has also not pointed to any requirement that a document be certified by the Clerk's Office to be authentic. "[S]peculative and unsupported accusations of government wrongdoing do not entitle a defendant to an evidentiary hearing."[26]

Next, Defendant argues that the wiretap application and DEA Report contain false statements about the agent's request and communication with the phone providers. However, a hearing is required only "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in [a] warrant affidavit" and that if the material misstatements were excised "the affidavit would be insufficient to support the warrant (or, in this case, the wiretap authorization)."[27] "The defendant bears the burden of showing by a preponderance of the evidence that a misstatement or omission was more than mere negligence."[28] Defendant has not presented any evidence

---

[26] United States v. Reed, 719 F.3d 369, 374 (5th Cir. 2013).
[27] United States v. Signoretto, 535 F. App'x 336, 339 (5th Cir. 2013); *see* United States v. Guerra-Marez, 928 F.2d 665, 670 (5th Cir. 1991).
[28] United States v. Runyan, 290 F.3d 223, 234 (5th Cir. 2002).

10

that the Government deliberately included false information in the DEA Report or the wiretap application. Rather, Defendant's allegations show only that there is some discrepancy in the record regarding which provider serviced Defendant's telephone number and that the wiretap application may have incorrectly named Verizon. "An unsupported assertion that an affidavit contains a misstatement (or an omission) does not give rise to the inference that the affiant acted with reckless disregard for the accuracy of the information . . . , particularly where the misstated or omitted facts in question are of only minor significance to the finding of probable cause."[29] Further, excising or correcting the phone provider information in the wiretap has no bearing on the probable cause therein. Indeed, the order authorizing the wiretap specifically provided that the authorization was for Defendant's number regardless of the service provider.

Given the fact that Defendant's suppression arguments are without merit, his attorneys' failures to file a motion to suppress cannot be objectively unreasonable.[30] Further, the record is replete with evidence that his attorneys did *in fact* investigate these allegations and declined to file a motion to suppress on that basis. At the evidentiary hearing on Defendant's Motion to Withdraw Guilty Plea, Mr. Val Zuniga testified that he discussed the suppression issues with both Defendant and Mr. Jenkins and advised Defendant that he did not see any grounds to support a pre-trial motion to suppress.[31] Mr. Jenkins testified that he agreed with Mr. Val Zuniga that the

---

[29] *Id.*

[30] United States v. Slape, 44 F.4th 356, 359 (5th Cir. 2022) ("[T]rial counsel cannot be deemed ineffective for failing to advance arguments that have no merit to begin with.").

[31] Docs. 234, 256.

11

motion to suppress that Defendant sought to bring did not have merit.[32] At an October 29, 2019 hearing before the magistrate judge, Mr. Shapiro stated that the motion to suppress would be frivolous and a waste of the Court's time.[33] "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[34] This Court finds that Defendant's attorneys made the strategic decision not to file a motion to suppress based on speculative and vague discrepancies in record documents and that it is reasonable that they did not continue to investigate these theories where they found them to be frivolous. Accordingly, this Court cannot say that Defendant's representation fell below an objective standard of reasonableness or that his attorneys were not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[35] The Court finds that the record of this case shows conclusively that Defendant is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

---

[32] Docs. 234, 256
[33] Docs. 179, 234, 256.
[34] Strickland v. Washington, 466 U.S. 668, 690–91 (1984).
[35] *Id.* at 687.

New Orleans, Louisiana this 24th day of October, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**